IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RODNEY FLAHAUT, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>JAMIS JOHNSON, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S EX PARTE MOTION AND GRANTING PLAINTIFFS' MOTION TO REMAND<br><br><br>Case No. 2:14-CV-726 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Jamis Johnson's Ex Parte Motion and Plaintiffs' Motion to Remand.  For the reasons discussed below, the Court will deny Defendant's Motion and grant Plaintiff's Motion.

## I.  BACKGROUND

Rodney Flahaut and Marianne Flahaut ("Plaintiffs"), residents of Utah, initially filed this action in the Third Judicial Court in and for Salt Lake County, State of Utah, on July 8, 2013.  In their Amended Complaint, Plaintiffs asserted claims for reformation, breach of warranty deed covenants, and quiet title.  Plaintiffs claim that the deeds in the chain of title should be reformed to reflect the intent of the parties, i.e., that Plaintiffs received legal title to the residential home located at 1408 Military Way, Salt Lake City, Utah 84103 ("Property"), that the Plaintiffs are the current legal title holders, and that the Bank of America deeds of trust were valid liens against

the Property.  Plaintiffs further claim that Reliable Solutions, LLC ("Reliable") did not hold nor convey title to Plaintiffs.  Therefore, Reliable's warranties, as set forth in the warranty deed, have been breached.  Finally, Plaintiffs claim that they are entitled to an order quieting title to the Property in them, subject only to the trust deeds to Countrywide Bank, N.A., held by Bank of America.

On October 3, 2014, Jamis Johnson ("Defendant") filed a Notice of Removal, removing this matter to federal court on the basis of diversity jurisdiction.  Defendant later filed an Amended Notice of Removal asserting diversity jurisdiction and federal question jurisdiction. Plaintiffs timely sought remand.

## II.  DISCUSSION

As a preliminary matter, Defendant moves the Court to recuse itself from this matter. Having considered Defendant's argument, the Court will deny Defendant's Motion.

Federal courts are courts of limited jurisdiction and must have a statutory basis for their jurisdiction.[1]  "Removal statutes are to be strictly construed and all doubts are to be resolved against removal."[2]  The party seeking removal must overcome this presumption against removal jurisdiction.[3]  The removing party bears the burden of establishing the requirements for federal jurisdiction.[4]

---

[1] *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994).

[2] *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

[3] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4] *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

In this action, the Court finds that Defendant fails to satisfy the requirements necessary to remove his case for the following reasons: there is no diversity between the parties, the removal was untimely, and all defendants did not unanimously agree to the removal.

A.    DIVERSITY JURISDICTION

Defendant based his initial Notice of Removal on diversity jurisdiction.  A civil action cannot "be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[5]  The United States Supreme Court has stated that "[d]efendants may remove an action on the basis of diversity of citizenship [only] if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state."[6]  In addition, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states."[7]

Although this matter exceeds $75,000, Defendant only fulfills part of the requirement for removal on the basis of diversity.  Complete diversity does not exist in this matter, as Plaintiffs and most of the Defendants are citizens of the forum state of Utah.  Because the sole basis of Defendant's initial Notice of Removal was diversity, this Court must remand this matter.[8]

---

[5] 28 U.S.C. § 1441(b)(2).

[6] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

[7] 28 U.S.C. § 1332(a).

[8] *Fed. Nat'l Mortgage Ass'n v. Rojas*, 2:13-CV-86, 2013 WL 2099753 (D. Utah May 14, 2013).

B.     TIMELINESS

Even if there were diversity between the Plaintiffs and Defendant, a defendant must

comply with 28 U.S.C. § 1446(b) if they wish to remove a civil action.  28 U.S.C. § 1446(b)

provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days
> after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within 30 days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required
> to be served on the defendant, whichever period is shorter.[9]

However,

> [I]f the case stated by the initial pleading is not removable, a notice of removal
> may be filed within 30 days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from
> which it may first be ascertained that the case is one which is or has become
> removable.[10]

Further, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction

conferred by section 1332 more than 1 year after commencement of the action, unless the district

court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing

the action."[11]  "The failure to comply with these express statutory requirements for removal can

fairly be said to render the removal 'defective' and justify a remand."[12]

Defendant filed his Notice of Removal 449 days after he filed his Answer to his original

Complaint and he filed his Answer to the Amended Complaint 163 days after the Amended

---

[9] 28 U.S.C. § 1446(b)(1).

[10] 28 U.S.C. § 1446(b)(3).

[11] 28 U.S.C. § 1446(c)(1).

[12] *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1077 (10th Cir. 1999) (citation and internal
quotation marks omitted).

Complaint was filed.  Based upon the above, Defendant failed to remove this matter within the time allotted by the statute.  Therefore, removal was improper.

Defendant's attempt to amend his Notice of Removal to assert a new basis for jurisdiction after the time to file a notice of removal had expired does not alter this conclusion.  The Tenth Circuit Court of Appeals allows a defendant to amend their notice of removal, even when the thirty-day removal window has expired, in order to correct simple errors in its jurisdictional allegations.[13]  Examples of simple errors include failing to identify a corporation's principal place of business or referring to an individual's state of residence rather than citizenship.[14] "However, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon."[15]  Moreover, "[a] defendant may not normally cure a defective notice of removal by asserting a new basis of jurisdiction not contained in the original notice of removal"[16]  Thus, the Court will not consider the Amended Notice of Removal to the extent that it seeks to add a new jurisdictional basis.[17]

---

[13] *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968).

[14] *Id.*

[15] 14C Wright & Miller, *Federal Practice and Procedure* § 3733, at 651–59 (4th ed. 2009).

[16] *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1293 (D.N.M. 2011).

[17] Even considering the Amended Notice of Removal, the Court finds that it fails to adequately assert federal question jurisdiction.

C.      UNANIMOUS CONSENT

In addition to the requirements set forth above, all defendants must unanimously agree to remove.[18]  "Remand is required if all of the defendants fail to consent to the petition for removal within the thirty-day period."[19]  Here, there is no evidence that all Defendants "consent[ed] to the removal of the action."[20]  While certain Defendants have filed consents to removal, not all Defendants have done so. Therefore, the Court must remand this action.

## III.  ATTORNEY'S FEES AND COSTS

In the event this matter is remanded, Plaintiffs request their attorney fees and costs. "[A]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."[21]  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."[22]

The Court finds that under the circumstances presented here, Defendant's removal lacked an objectively reasonable basis for the reasons set forth above.  Therefore, the Court will grant Plaintiff's request for attorney fees and costs.

## IV.  CONCLUSION

It is therefore

---

[18] *See* 28 U.S.C. § 1446(b)(2)(A).

[19] *Williams v. Bd. of Regents of Univ. of New Mexico*, 990 F. Supp. 2d 1121, 1138 (D. N.M. 2014).

[20] 28 U.S.C. § 1446(b)(2)(A).

[21] 28 U.S.C. § 1447(c).

[22] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

ORDERED that Defendant's Motion (Docket No. 29) is DENIED.  It is further

ORDERED that Plaintiffs' Motion to Remand (Docket No. 3) is GRANTED.

The Clerk of the Court is directed to transmit this matter to the Third Judicial District

Court in and for Salt Lake County, State of Utah and close this case forthwith.

Plaintiffs are directed to submit an affidavit detailing their costs and actual expenses,

including attorney fees, incurred as a result of the removal within fourteen (14) days of this

Order.

DATED March 12, 2015.

BY THE COURT:

_____

TED STEWART
United States District Judge